7 F.3d 1045
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Freddy SIMMONS, Plaintiff-Appellant,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for First
City National Bank & Trust Company, et. al., Defendant,
Joint Venture Asset Acquisition Group, a joint venture,
Defendant-Appellee.
Freddy SIMMONS and H. Carter Moody, M.D., Plaintiffs-Appellants,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for First
City National Bank & Trust Company, et. al., Defendant,
Joint Venture Asset Acquisition Group, a joint venture,
Defendant-Appellee.
 Nos. 92-6205, 92-6207.
 United States Court of Appeals, Tenth Circuit.
 Sept. 3, 1993.
 
 Before SEYMOUR, Circuit Judge, RONEY, Senior Circuit Judge,** and MOORE, Circuit Judge.
 ORDER AND JUDGMENT*
 RONEY, Circuit Judge.
 
 
 1
 Freddy Simmons seeks rescission of a promissory note made to First City National Bank ("First City") on the basis that First City deposited loan proceeds into an incorrect account. Simmons claims that the deposit was a failure of consideration for the promissory note. The district court found that the proceeds were distributed as directed by Simmons and granted summary judgment in favor of the defendant. We affirm.
 
 
 2
 On behalf of Yates of Oklahoma, a limited partnership, Bill Chandler approached Simmons and another person, H. Carter Moody, for limited partner investments. The purpose of the partnership was to construct an asphalt recycling machine. Larry Yates and Yates Corporation were general partners of Yates of Oklahoma.
 
 
 3
 In connection with the investment and by pre-arrangement by Yates, Simmons borrowed funds from First City, a New York bank. One of the provisions of the Offering Circular given to Simmons stated that any investor proceeds received would be deposited in an escrow account with an Oklahoma bank until the partnership reached the minimum subscription level. It further stated that any funds received from First City would be transferred by First City to an escrow account in an Oklahoma bank. Nothing in the loan documents indicated that First City had such an obligation. The only written agreement regarding First City's payment obligation, the Borrower's Letter, directed First City to "pay the proceeds of the loan directly to the partnership."
 
 
 4
 When First City funded the loans, it deposited the funds into the partnership account of Yates of Oklahoma in First City in New York in an account opened by Larry Yates. No money ever reached an Oklahoma account.
 
 
 5
 Simmons and Moody brought suit seeking rescission based on improper disbursement of loan proceeds. While the litigation was pending, First City assigned Simmons' note to Joint Venture Assets Acquisition ("JVAA"), who now holds the note, and soon thereafter declared insolvency. Simmons and Moody joined JVAA to the action. The Federal Deposit Insurance Corporation ("FDIC") became the receiver for First City and was substituted as a party. The district court granted summary judgment to both FDIC and JVAA and Simmons and Moody appealed the decision pertaining to JVAA. Since filing this appeal, Moody has settled and is no longer an appellant.
 
 
 6
 The question before this court is whether there is a factual issue on the contention that the district court correctly held that under the controlling, undisputed facts, First City properly disbursed the loan proceeds. First City was not bound by the representations made in the Offering Circular. First City's only obligation was to disburse the proceeds to a partnership account in accordance with its agreement with Simmons. The First City account was opened by Larry Yates, a general partner, in the name of the partnership. Thus, the account was a partnership account and disbursement to it was proper by the terms of the Simmons agreement with First City.
 
 
 7
 Although a question of jurisdiction has been raised, both parties argue that we have jurisdiction of this appeal, so we assume jurisdiction, without deciding whether all claims were finally decided by the summary judgment on appeal.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for the purposes of establishing the doctrines of law of the case, res judicata or collateral estoppel. 10th Cir.R. 36.3
 
 
 **
 Honorable Paul H. Roney, Senior United States Circuit Judge for the Eleventh Circuit Court of Appeals, sitting by designation